EDDIE NEWBORN, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed May 14, 1917.

1. To constitute the crime of assault with intent to commit man-
slaughter with a deadly weapon there must concur with the
use of a deadly weapon, to take the offence out of the cate-
gory of an aggravated assault, which is a misdemeanor, the
further element of an intent to commit manslaughter upon
the person of the assaulted party.

2. Where the evidence is insufficient to sustain the verdict a new
trial should be granted.

Writ of Error to Circuit Court for Leon County;
E. C. Love, Judge.

Judgment reversed.

*Fred H. Davis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *T. S. Trantham,*
Assistant, for State.

PER CURIAM.—Eddie Newborn was indicted for an
assault with intent to commit murder, and was convicted
of an assault with a deadly weapon with intent to commit
manslaughter. On writ of error it is argued that the
verdict is contrary to the law and to the evidence and that
the court erred in refusing to give a requested charge.
As the substance of the requested charge had already
been given, the refusal to in effect repeat the charge was
not error.

To constitute the crime of assault with intent to com-
mit manslaughter with a deadly weapon there must con-

cur with the use of a deadly weapon, to take the offense out of the category of an aggravated assault, which is a misdemeanor, the further element of an intent to commit manslaughter upon the person of the assaulted party. Johnson v. State, 53 Fla. 45, 43 South. Rep. 779; Griffin v. State, 72 Fla. 79, 72 South. Rep. 475.

The evidence that the accused was seen running from behind the house after the shot was fired through a near window does not show him to be the guilty person; and the circumstances in evidence do not clearly show the requisite particular intent, therefore, a new trial should be granted.

Judgment reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFILD and ELLIS, JJ., concur.