PARKER FORTNER v. STATE.

161 So. 94.

Division A.

Opinion Filed April 27, 1935.

*Kelly & Casler,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Davis, J.—An extensive review of the evidence in this case would contribute nothing of permanent value to the

jurisprudence of this State, hence will be omitted from this opinion.

Plaintiff in error, Parker Fortner, being dissatisfied with a sentence to ten years' hard labor imposed on him pursuant to his indictment, trial and adjudication of guilty of assault with intent to commit manslaughter alleged to have been by him perpetrated upon one Jimmie Oswald with a knife, places his chief reliance for reversal upon the doctrine heretofore laid down in Council v. State, 111 Fla. 173, 149 Sou. Rep. 13, wherein this Court held that a conviction for assault with intent to murder will be reversed for legal insufficiency of the evidence, where the evidence upon which the conviction was obtained bears earmarks of falsehood and uncertainty that stamp it as wholly unreliable as a predicate upon which to adjudicate an accused guilty of a serious felony.

Fortner's case now before us on appeal is in all of its essential particulars and circumstances analagous to that of Ed. C. Baker v. State, 84 Fla. 277, 94 Sou. Rep. 613, wherein the evidence was examined and found not to warrant a verdict of assault with intent to commit murder in the second degree of which the defendant has been found and adjudged to be guilty.*

---

*The *intent* is the gist of the offense here charged. The evidence shows without contradiction that the defendant did not use, nor attempt to draw, his knife from his pocket until after he had been first knocked down by the alleged assaulted person and then not until that person was on top of him engaged in the act of beating him up while holding defendant down on the ground. In order to sustain a conviction for assault with intent to commit any degree of unlawful homicide the *intent to kill* must be proved beyond a reasonable doubt. Newborn v. State, 73 Fla. 1064, 75 Sou. Rep. 581. And where it appears that a deadly weapon, such as a knife, was used simply as a cutting instrument against a combatant in the heat of a personal conflict, to repel the su-

On authority of Council v. State, *supra*, and Raker v. State, *supra,* the judgment in this case is reversed for a new trial.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

BUFORD, J., dissents.

BROWN, J. (concurring).—I concur in the opinion of, as well as the conclusion reached, by Mr. Justice DAVIS that the judgment of conviction in this case should be reversed, but in regard to the question of "intent to kill," as an element of the offense of assault with intent to commit manslaughter, which is not referred to in the opinion, but is discussed in a footnote thereto, I think some further comments might well be made upon what is said in the opinion of Mr. Justice BUFORD.

The question thus raised is complicated and made difficult by reason of the fact that under our statute the crime of manslaughter may be committed where there is no intent to kill whatever, such as cases where the death of the person killed is caused by "culpable negligence" of the ac-

perior physical force of the other combatant so as to make such other party desist from his attempt to use his superior physical force to beat up his adversary, a case of aggravated assault under Section 7163 C. G. L., 5061 R. G. S., may be made out, if it appears that the knife wielder was not entitled to plead self-defense. But the charge of assault with intent to commit homicide in any degree will fail in such cases for lack of proof of the required specific homicidal intent, unless a homicidal intent be substantially proved, either by direct, or circumstantial evidence, extrinsic of the bare fact of cutting with a knife, such as by proof that the knife when used by the assailant was directed at the vital spot on the opposite party's body, or that the wielder of the knife affirmatively showed his intent to kill by expressing it, such as by saying, "I am going to kill you," etc. Whether the use of a knife proves aggravated assault or assault with intent to commit murder or manslaughter is a question to be decided by the jury under proper instructions.

cused. In this class of cases, I do not see how any one could be convicted of the crime of assault with intent to commit manslaughter, because the element of intent need not be present at all in the crime itself. On the other hand, there is a class of cases where the intent to kill *is* an element of the crime of manslaughter. The crime of assault with intent to commit manslaughter has reference to manslaughter of this latter type, and may be sustained by evidence showing an unlawful assault with the intent to kill, though without premeditated design. Then there are certain special statutory kinds of manslaughter, defined by Sections 7146-7149, C. G. L., from which the intent to kill is either expressly or impliedly excluded.

At common law manslaughter consisted in the unlawful killing of another without malice either express or implied. It was commonly divided into voluntary and involuntary manslaughter. Voluntary manslaughter was the intentional killing of another in a sudden heat of passion due to adequate provocation, and not with malice. Involuntary manslaughter consisted in the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself. At common law there was no such offense as assault with intent to commit manslaughter.

Our general statute on the subject of manslaughter, Section 7141, C. G. L., appears to cover, in substance, both voluntary and involuntary manslaughter as they existed at common law, and reads as follows:

"The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide or murder, according to the provisions of this Article, shall be deemed

manslaughter, and shall be punished by imprisonment in the State prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars."

We also have a Section 7165 C. G. L., which deals with assaults with intent to commit felonies punishable with death or by imprisonment for life, but which is not pertinent here.

In 30 C. J., on pages 27-28, it is said:

"To constitute the minor statutory offense of assault with intent to kill or to commit manslaughter the assault must have been made under circumstances which would have made the act manslaughter, or murder in the second degree, if death had ensued. An assault with intent to kill lacks the element of malice necessary to constitute assault with intent to murder, or, as it is said, the offense may be committed without malice. *The gist of the offense is the intent to kill.* It is sufficient that the crime would have been *voluntary* manslaughter had death ensued from the assault, but if the crime would have been involuntary manslaughter had death ensued it is insufficient. To constitute the offense of assault with intent to commit manslaughter, the homicide, if accomplished, must have amounted to voluntary manslaughter. Some statutes require that in addition to the intent to commit manslaughter upon the person of the party assailed, the assault must be made with a deadly weapon." (Italics supplied.)

In Newborn v. State, 73 Fla. 1064, 75 So. 581, cited in the opinion of Mr. Justice DAVIS, this court said:

"To constitute the crime of assault with intent to commit manslaughter with a deadly weapon there must concur with the use of a deadly weapon, to take the offense out of the category of an aggravated assault, which is a misdemeanor,

the further element of an intent to commit manslaughter upon the person of the assaulted party. Johnson v. State, 53 Fla. 45, 43 So. 779; Griffin v. State, 72 Fla. 79, 72 So. 475."

In the case of Teagle v. State, 55 Fla. 13, 46 So. 182, the second and third headnotes read as follows:

"2. Whoever unlawfully assaults another with an intention to kill him but not from a premeditated design to effect his death, and the assault is accompanied by an act imminently dangerous to another and evincing a depraved mind regardless of human life, is guilty of an assault with an intent to commit murder in the second degree."

"3. If an assault be committed unlawfully and *with an intent to take life,* but not from a premeditated design to take life, and not by any act imminently dangerous to another and evincing a depraved mind regardless of human life, it would be an assault with an intent to commit manslaughter." (Italics supplied.)

It therefore appears that in a case of the kind now under consideration an intent to kill is an essential element of an assault with intent to commit manslaughter.

It has been held in several states that there can be no such offense as an assault with intent to commit involuntary manslaughter. No cases to the contrary are cited. See 30 C. J. 27, and cases cited. And this Court has held that there is no such offense as an assault with intent to commit murder in the third degree, because the presence of an intent precludes the commission of that offense. Tillman v. State, 81 Fla. 558, 88 So. 377.

In the case of Lassiter v. State, 98 Fla. 370, 123 So. 735, the opinion shows that "the evidence was amply sufficient to have sustained a verdict of an assault with intent to commit a higher offense than manslaughter." So the evi-

dence did not raise the exact question here discussed, and the rather broad definition therein given of assault with intent to commit manslaughter might well be read in the light of the facts in that case. Of course, the intent may be proven by circumstances and the jury might infer the intent to kill from an intentional assault of a nature which would naturally, or probably, produce death, and where, if death had ensued, the accused would have been guilty of manslaughter. But I agree with Mr. Justice DAVIS that the *intent to kill* must be proved, either by direct or circumstantial evidence, beyond a reasonable doubt, before a defendant can be lawfully convicted of the offense of assault with the intent to commit manslaughter.

BUFORD, J. (dissenting).—I am unable to agree with the views expressed in the majority opinion in this case.

I do not think that "the intent to kill" is a necessary element of the offense of manslaughter. In fact, the absence of this element is the factor which differentiates manslaughter from murder in any of its degrees. Manslaughter is not murder. It is a statutory offense and may be committed in many different ways under the provisions of our several statutes without the element of "intent to kill" entering into or constituting any necessary element to be either alleged or proved. This is not in conflict with what was said in Newbern v. State, 73 Fla. 1064, 75 Sou. 581. It was there held that the element of "an intent to commit manslaughter" upon the person of the assaulted party must be shown. But this is not equivalent to saying that the element of "intent to kill" must be shown. What the language used in that case means is that it must be shown that the party committed the act with the intent to perpetrate an act which probably would result in manslaughter. This element might be met by showing that the killing of

the human being was the result of the procurement or culpable negligence of the person charged where the killing was not justifiable nor excusable homicide nor murder. It might be met by showing the violation of the provisions of Section 5044 R. G. S., 716 C. G. L., or by showing the violation of Sections 5045 R. G. S., 7147 C. G. L., or 5046 R. G. S., 7147 C. G. L.; 5047 R. G. S. 7149 C. G. L., while in neither of these sections defining manslaughter is the intent to kill an element.

In Lassiter v. State, 98 Fla. 370, 123 Sou. 735, we said:

"Assault with intent to commit manslaughter is an unlawful assault committed in such manner and with such means as would have resulted in commission of crime of manslaughter, if person assaulted had then and there died from the effects of the assault."

I think this is the proper definition of assault with intent to commit manslaughter and it does not include the element of intent to kill.

Now, the record in this case shows that Fortner assaulted one Oswald with a deadly weapon, to-wit, a knife. It was a question for the jury to determine whether or not the assault with the knife under the circumstances was justifiable or excusable. If the assault had resulted in the death of Oswald and Fortner had been indicted and tried for manslaughter the jury would have been required to determine the same question: That is, whether or not the assault with the deadly weapon was justifiable or excusable to that extent and no greater extent than if the assault had not resulted in death and the charge was only that of an assault with intent to commit manslaughter instead of the offense of manslaughter.

I think that the evidence was sufficient to warrant the jury in determining that the use of the deadly weapon was

neither justifiable nor excusable. Therefore, I think the judgment should be affirmed.