Hayward Fisher v. State of Florida

1 So. (2nd) 460
En Banc
Opinion Filed March 25, 1941
Rehearing Denied April 23, 1941

*Frank T. Cannon,* for Appellant;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

ADAMS, J.—The appellant, Hayward Fisher, was informed against in the Criminal Court of Record of Duval County for receiving stolen property of the value of $55.00. He was convicted by a jury as charged. The court sentenced him to eight months in the county jail.

The appeal here presents two questions. First, the sufficiency of the evidence to sustin the verdict. Second, the legality of the sentence.

The appellant, a young man twenty years of age, without a previous criminal record and admittedly of low mentality, became involved with two other persons. One a thief, the other a seller of stolen property. The real question is whether the appellant had knowledge that the articles were stolen, or if they were received under such circumstances as to put him on notice or inquiry that they were stolen. No fixed rule will apply to all cases. In this case the appellant

was of admitted low menality.  One class of witnesses called against him were people involved in crime.  The other class of witnesses were policemen and detectives.  The latter class gave testimony relative to admissions against interests. Considering all the circumstances under which they were made and the mentality of the appellant, we think they are as consistent with innocence as with guilt.  No useful purpose would be served by a lengthy discussion of the evidence. We think that the ends of justice require that this case stand reversed for a new trial.  Council v. State, 111 Fla. 173, 149 So. 13; Fortner v. State, 119 Fla. 150, 161 So. 94; Baker v. State, 84 Fla. 277, 94 So. 613; Minor v. State, 55 Fla. 90, 45 So. 818.

The State has confessed error as to the legality of the sentence and there is no reason for comment thereon.  The judgment and sentence is therefore reversed.

Reversed.

Brown, C. J., Whitfield, Terrell, and Chapman, J. J., Buford, J., concurs specially.

Thomas, J., dissenting.

Buford, J. (concurring specially).—After considering the entire record, I am convinced that defendant was guilty as charged and that there is ample evidence to support the conviction.  I am convinced that the accused, while probably none too bright mentally, knew full-well right from wrong and realized that he was engaging in a criminal enterprise.  He received nineteen cartons of cigarettes and a used electric fan from the confessed (thief) who refused to tell accused where he got them and delivered the stolen goods to one who was evidently known by accused to be one who would knowingly purchase stolen goods.

It was the province of the jury to determine the credibility of witness.

The verdict, however, was not such as is required under the holding of the Court in the case of Alvarez v. State, 75 Fla. 286, 78 Sou. 272. In that case we said:

"The receiver of stolen property knowing it to have been stolen is guilty of a felony under Section 3304, although the value of the property stolen may have been less than twenty dollars, and the larceny therefore a misdemeanor. It is clear therefore that the two sections taken together gives to the defendant under certain circumstances the right by making satisfaction to the injured party to reduce his offense from a felony to a misdemeanor. In the matter of such great importance to the defendant it is equally clear that the right thus secured to him should not depend upon the property's value as arbitrarily fixed by the injured person to whom in some cases the temptation to use the situation as a means of extortion to secure an unseemly profit would be difficult if not impossible to resist. Nor should the question of value depend upon litigation to ascertain it, which would be a needless expense. If the jury trying the case does not ascertain and fix the value of the property stolen, it follows that either the injured person shall, or the question shall be determined by litigation or the judge himself shall do so, in which latter case the defendant's guiltiness, whether felony or misdemeanor, would be made to depend upon the judge's finding of a fact and the defendant be to that extent deprived of the right by trial by jury.

If the jury fix in their verdict the value of the property stolen and the taking was not robbery, burglary or grand larceny, the defendant may make satisfaction by paying into court the amount so fixed by the jury. The fact is entered of record and the defendant becomes amenable to punishment under Section 3305 General Statutes, as for a misdemeanor instead of felony.

If this course is not pursued the record as in this case

would show that the defendant was found guilty of a felony; that the original taking was a felony because the information charged that the value of the goods was more than twenty dollars and the defendant was under an illegal sentence although the goods may have been restored or satisfaction made to the full value of them not restored.

In this case the information laid the value of the eggs at nineteen dollars and twenty cents, and the value of the cheese at sixteen dollars. From the evidence the jury may have found that the eggs were not stolen which were found in the defendant's possession. The value of the cheese was less than twenty dollars and there was no evidence to show that the original taking was a felony.

An information may allege that several articles aggregating twenty dollars in value were stolen and received by defendant knowing them to have been stolen. The jury may find that only some of the articles mentioned were stolen and their aggregate value was much less than twenty dollars. In such case the defendant has the right secured by statute to make satisfaction and as we think according to a value fixed by the jury trying the particular case."

The judgment of the court is fatally defective in that it does not adjudicate that defendant received the stolen property *knowing the same to be stolen property.* And the sentence of imprisonment in the county jail is not a legal sentence because the record does not show restitution as contemplated by Section 5139 R. G. S., 7240 C. G. L. See Broxson v. State, 99 Fla. 1187, 128 Sou. 628; Rodriguez v. State, 98 Fla. 1231, 125 Sou. 353-355.

So the judgment should be reversed.

THOMAS, J. (dissenting).—The form of verdict is not challenged therefore I have the view that no discussion of it is necessary to a disposition of the case. I feel that the evi-

478

dence was sufficient to sustain the verdict and, inasmuch as the sentence is concededly invalid, that the judgment should be reversed with directions to impose a proper sentence.