THORNAL, Justice.
Appellant seeks reversal of a judgment and sentence of ten years imprisonment entered pursuant to the verdict of a jury finding him guilty of the crime of assault with intent to commit murder in the first degree.
The principal ground assigned for reversal is that the evidence is insufficient to prove the intent essential to sustain conviction of the crime of assault with intent to commit first degree murder. The record shows that the night before the offense the appellant telephoned the home of one Jennings and in a conversation with Jennings’ wife with reference to her husband told her that he, the appellant, “was going to kill him and that he had come around to kill him * * * ” He repeated the threat several times. The next morning appellant entered the bakery of Jennings, armed with a loaded shotgun and a loaded pistol. He approached Jennings with the loaded shotgun pointed directly at him, called him by name and said, “I come to kill you”. Jennings then undertook to disarm appellant, whereupon the latter drew the loaded *51 pistol from his belt, but with the assistance of a customer who happened to be in the shop Jennings succeeded in disarming appellant before the threat to kill could be executed.
Appellant contends that the fact that he did not actually fire the gun when he had an opportunity to do so is conclusive on the proposition that he could not have had the necessary intent to commit murder when he assaulted Jennings. The actual pointing of the gun constituted the assault. F.S. § 784.06, F.S.A., under which appellant was convicted, makes no requirement that a battery accompany the assault as an element of the offense. The assault being present, it is not necessary that the weapon be discharged or that there be an actual physical injury of the assaultee in order to establish the intent to commit murder. . The intent to kill may be established by a number of circumstances, such as, the fact that the weapon is directed at some vital spot on the assaultee’s body as was done here, or the intent may be affirmatively shown by the actual expressions of the one committing the assault, such as, “I am going to kill you.” See Fortner v. State, 119 Fla. 150, 161 So. 94.
Whether the use of the weapon in a particular case and the manner in which it is used and the intent indicated by the manner in which it is used, or simultaneous expressions of the one committing the assault indicate an intent to commit murder, are all questions to be decided by the jury under proper instructions by the judge. This rule applies, of course, unless the record is totally lacking in any evidence indicating the murderous intent. The record before us contained abundant evidence to justify submitting this question to the jury. Likewise, the evidence was adequate to sustain the jury’s conclusion of guilt.
We have considered the other assignments but find no errors in the rulings of the lower court.
The judgment appealed from is affirmed.
DREW, C. J., TERRELL, J., and DICKINSON, Associate Justice, concur.