MANN, Judge
(concurring in part, dissenting in part).
I concur in the affirmance of the judgment of guilt. However, the punishment for a first offense under Section 811.16 is reducible under Section 811.17 if the “act of stealing the property is not by law a felony” and the accused has made satisfaction to the party from whom the goods are stolen. In my opinion the majority err in treating the breaking and entering as the “act of' stealing” for at least the two sound reasons of prior precedent and the rule of lenity in construction of penal statutes.
No case precisely in point has been ruled upon, but the Supreme Court has said in Vaughn v. State, 1941, 147 Fla. 12, 2 So.2d 122, that the trial court has a duty to require the jury to “fix the value of the property stolen in the event of conviction,” citing Alvarez v. State, 1918, 75 Fla. 286, 78 So. 272, and Fisher v. State, 1941, 146 Fla. 474, 1 So.2d 460, in which the reversal was on other grounds but the point in question was mentioned in Mr. Justice Buford’s special concurrence.
The statute is at best ambiguous, and the law does not punish a man as a felon by construing ambiguities against him.
*789 Thus I believe my brethren have decided contrary to the prior interpretations of our Supreme Court and I must, to this extent, dissent.