302 So.2d 479 (1974)
Elmer Clayton EDWARDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-440.
District Court of Appeal of Florida, Third District.
November 5, 1974.
*480 Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The information charged the defendant with assault to commit murder in the first degree. The Defendant pleaded not guilty, and after trial by jury, he was found to be guilty of assault with intent to commit murder in the third degree, convicted and sentenced to five years in the state penitentiary. He now appeals the conviction and sentence.
The thrust of the appeal is that it was error for the court to enter judgment of conviction because the evidence was insufficient to support the verdict, in that the evidence would not have sustained a conviction of murder in either the first or the second degree had the victim died. The defendant contends that the evidence neither shows a depraved mind, nor proves the scienter which is necessary for conviction in the lesser included charge of assault with intent to commit murder in the third degree. Defendant analogizes the facts in the case sub judice to those situations wherein criminal acts arise out of sudden anger.
Assuming the jury resolved all conflicts in the evidence and issues of fact, it appears that the defendant and his brother went to the defendant's former employer in order to collect vacation pay to which defendant claims he is entitled. An altercation ensued in which the defendant struck the former employer and committed other acts of violence, whereupon four men, including the victim, restrained the defendant. The defendant's brother entered the room; the defendant broke loose, pulled out a gun and pointed it at the victim's head. The victim took three steps backwards, at which time the defendant shot the victim in the head, wounding, but not killing him.
Giving due regard to the question of proof, we have examined the record for *481 substantial competent evidence to support the verdict and judgment. See Crum v. State, Fla.App. 1965, 172 So.2d 24, and Wetherington v. State, Fla.App. 1972, 263 So.2d 294. If the evidence is sufficient for the jury to find the defendant guilty of first or second degree murder if the victim had died, then the conviction for assault with intent to commit murder in the third degree must be affirmed. Compare Phillips v. State, 1935, 120 Fla. 134, 162 So. 346; and see Riner v. State, 1937, 128 Fla. 848, 176 So. 38, 39.
As defined in § 782.04, Fla. Stat., murder in the first degree requires premeditated design, and murder in the second degree requires an imminently dangerous act evincing a depraved mind regardless of human life. It is well established that state of mind may be inferred from one's actions,[1] and that murderous intent may be established by the facts and circumstances of the case, such as a weapon being directed at some vital spot on the assaultee's body.[2]
Assuming arguendo the facts sub judice do not support a finding of the requisite intent for murder in the first degree, we find the act of the defendant in pointing the gun at the victim's head and then firing it, to be imminently dangerous to another and evincing a depraved mind regardless of human life. See Hines v. State, Fla.App. 1969, 227 So.2d 334.
From the defendant's actions, the jury could have inferred premeditated design or depraved mind regardless of human life, and, therefore, had the victim died, conviction for first or second degree murder would be affirmed. A fortiori, conviction for assault with intent to commit third degree murder is hereby affirmed.
Affirmed.
NOTES
[1] Allen v. United States, 164 U.S. 492, 496, 17 S.Ct. 154, 41 L.Ed. 528.
[2] Caraker v. State, Fla. 1956, 84 So.2d 50. See also Forehand v. State, 1936, 126 Fla. 464, 171 So. 241, 242.