343 So.2d 1272 (1977)
The STATE of Florida, Petitioner,
v.
Robert Jacob HEISTERMAN, Respondent.
No. 49279.
Supreme Court of Florida.
March 17, 1977.
*1273 Robert L. Shevin, Atty. Gen., and Linda Collins Hertz and Ira N. Loewy, Asst. Attys. Gen., for petitioner.
John J. Quinn, Key West, for respondent.
BY THE COURT.
We here review the decision of the Third District Court of Appeal, reported at 327 So.2d 839, insofar as it holds that respondent was improperly convicted and sentenced for two separate offenses because "the facts proved [at trial constitute] only one criminal act... ."[1]
The respondent was convicted and sentenced for shooting a gun into an occupied dwelling, in violation of Section 790.19, Florida Statutes (1973), and for assault with intent to commit murder, in violation of Section 784.06, Florida Statutes (1973). The salient facts of the episode leading to these convictions are that respondent stood outside a dwelling occupied by a Mr. and Mrs. Simmons, yelled (apparently to Mr. Simmons), "come on out, I'm going to kill you" and then, when Simmons did not venture out, fired six shots from a pistol at the windows from which the Simmons peered in terror.
The state suggests, and we agree, that respondent committed two distinct crimes for which convictions and sentences were appropriate. The acts constituting assault under the statute were completed when respondent verbally threatened the Simmons, pointed a pistol in their direction, and put them in fear. This crime was proved without evidence that any shots were fired. See State v. White, 324 So.2d 630 (Fla. 1975); Caraker v. State, 84 So.2d 50 (Fla. 1955). Respondent's other conviction was based on adequate evidence that several shots were in fact fired into the house around the window area.
The convictions and sentences imposed by the trial judge were lawful. The case is remanded with instructions to reinstate the judgment and sentence imposed by the trial court for shooting into an occupied dwelling in violation of Section 790.19.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and ROBERTS (Retired), JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] The decision conflicts with Estevez v. State, 313 So.2d 692 (Fla. 1975), among other cases.