John Edward RALPH,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary,
Respondent-Appellee.

No. 77–3317.

United States Court of Appeals,
Fifth Circuit.

March 8, 1979.

* District Judge, of the Eastern District of Louisiana, sitting by designation.

John Edward Ralph, pro se.

Robert Glass, New Orleans, La. (Court-appointed), for petitioner-appellant.

Edwin O. Ware, Dist. Atty., 9th Judicial Dist. Court, Parish of Rapides, Charles J. Yeager, Paul D. White, Jr., Asst. Dist. Attys., Alexandria, La., for respondent-appellee.

Before WISDOM, GODBOLD and TJOFLAT, Circuit Judges.

## PER CURIAM:

This case involves the question whether the life sentence imposed upon the habeas corpus petitioner, John Edward Ralph, under the Louisiana habitual offender statute is so grossly disproportionate to the seriousness of his crimes that it violates the prohibition against cruel and unusual punishment provided by the eighth and fourteenth amendments. Before this Court, the petitioner raises an additional attack upon the statute based on recent decisions of the Supreme Court of Louisiana. We remand the case to the district court with instructions to dismiss the habeas corpus petition without prejudice so that Ralph may pursue state remedies.

The district court dismissed Ralph's petition without first obtaining the record in his state court conviction and incorporating it into the record in this case. We have no way, then, to ascertain definitively what happened in the state court proceedings that produced Ralph's life sentence. By relying on the allegations in Ralph's *pro se* petition and the admissions made before this Court by his counsel and counsel representing the State, however, it is possible to reconstruct enough facts to allow us to decide this appeal.

It appears that in July 1975 Ralph was convicted of the offense of simple burglary in the Ninth Judicial District Court, Rapides Parish, Louisiana. Soon after, he was charged as a fourth offender under the Louisiana habitual offender law, La.Stat. Ann.—Rev.Stat. § 15:529.1(A)(3).[1] Before the state court, the State proved that Ralph had two prior convictions for felony theft and one conviction for a 1963 violation of the Dyer Act, 18 U.S.C. § 2312. Based on

---

1. LSA–R.S. 15:529.1(A)(3).

   A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits a subsequent felony within this state upon conviction of said felony shall be punished as follows:

   \* \* \* \* \* \*

   (3) If the fourth or subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for the fourth subsequent felony for a determinate term not less than the longest term prescribed for a first conviction and not more than his natural life and in no case less than twenty years.

these convictions, the state court sentenced Ralph to life imprisonment. The Supreme Court of Louisiana affirmed. *State v. Ralph*, 1976, La., 336 So.2d 836. Ralph then filed a habeas corpus petition in the state court. In this petition, Ralph asserted that his life sentence violated the eighth and fourteenth amendments. The state court denied the writ without conducting an evidentiary hearing, and the Supreme Court of Louisiana affirmed. *State ex rel. Ralph v. Maggio*, 1977, La., 342 So.2d 225.

On April 11, 1977, Ralph filed a *pro se* application for the writ of habeas corpus in federal district court, again asserting that his life sentence violated the eighth and fourteenth amendments. The Louisiana Supreme Court has consistently held that the "statute does not make it a crime to be a multiple offender, but rather merely prescribes that an enhanced penalty be levied against multiple offenders". *State v. Boatner*, 1974, La., 304 So.2d 661. The petitioner contends that the life sentence he received is disproportionate to the offense of simple burglary. On June 30, 1977, the district court denied the petition without first obtaining the state court records and without requiring the State to file an answer. On this appeal, Ralph's *pro se* efforts have been supplemented by two briefs and oral argument on his behalf provided by appointed counsel.

Oral argument in this case was held on October 12, 1978. About two weeks earlier, this Court *en banc* heard oral arguments in *Rummel v. Estelle*, 5 Cir. 1978 (*en banc*), 587 F.2d 651. That case raised the issue whether the life sentence imposed on the habeas corpus petitioner, William Rummel, under the Texas habitual criminal statute was so disproportionate to the seriousness of his crimes that it violated the eighth and fourteenth amendments. Because this

Court believed that the *en banc* decision in *Rummel* might provide us with guidance in this case, we withheld our opinion in this matter until after the *en banc* Court decided *Rummel*. On December 20, 1978, the *en banc* opinion in *Rummel* was handed down. It establishes the standards under which Ralph's eighth amendment argument must be judged. For the reasons raised by Ralph's counsel, however, this Court determines that it may not reach the question whether Ralph's life sentence contravenes the *Rummel* interpretation of the eighth amendment's prohibition against cruel and unusual punishment.

Ralph's counsel argues that several recent decisions of the Supreme Court of Louisiana hold that Ralph's life sentence exceeds the maximum sentence allowable under the Louisiana habitual offender statute. To support his position, counsel cites *State v. Alexander*, 1977, La., 346 So.2d 1102; *State v. Delaney*, 1978, La., 359 So.2d 976; *State v. Alexander*, 1978, La., 362 So.2d 775; and *State v. Wilson*, 1978, La., 363 So.2d 445.[2] These decisions are not free from ambiguity. Nonetheless, they raise a doubt as to whether Ralph's sentence is within the maximum allowed by the habitual offender statute.

A sentence that exceeds the statutory maximum has traditionally been viewed as a violation of the eighth amendment's prohibition against cruel and unusual punishment.[3] The issue raised by Ralph's counsel, then, is of the type cognizable in a federal habeas corpus proceeding. Ralph has not raised this argument in the state courts by either a petition for habeas corpus or a motion to correct an illegal sentence. *See* La.Stat.Ann.—Code of Civil Proc. Art. 3821 *et seq.* (habeas corpus); La.Stat.Ann.—Code of Crim. Proc. Art. 882 (sentence cor-

---

**2.** Counsel for the petitioner contends that under these cases a sentence to imprisonment for natural life violates the current law of Louisiana requiring that the sentence of a fourth offender be for determinate years less than natural life.

**3.** *See, e. g., Rummel v. Estelle*, 5 Cir. 1978 (*en banc*), 587 F.2d 651, at 654 & cases cited in nn.

3–4, *rev'g* 568 F.2d 1193. The holding in *Rummel* that "the eighth amendment does proscribe some punishments that are so disproportionate as to have no rational support", 587 F.2d at 655, merely supplements the traditional rule that the eighth amendment bars a prison sentence beyond the legislatively created maximum.

rection). A state prisoner must exhaust state remedies, of course, before he may pursue federal habeas corpus relief under 28 U.S.C. § 2254. *E. g., Chenault v. Stynchcombe*, 5 Cir. 1978, 581 F.2d 444. We are required, then, to remand this case to the district court with instructions to dismiss Ralph's petition without prejudice so that he may exhaust state remedies. *See Galtieri v. Wainwright*, 5 Cir. 1978, 582 F.2d 348 (*en banc*). In his new state court action, of course, Ralph may raise both his argument that his life sentence exceeds the statutory maximum and his argument that his life sentence constitutes cruel and unusual punishment under the doctrine of *Rummel v. Estelle*. If the state courts deny his request for relief, he may then institute federal habeas corpus proceedings on these arguments.

REMANDED WITH INSTRUCTIONS.