**Carmelo CANET, Petitioner-Appellant,**

v.

**R. V. TURNER, Superintendent, Glades Correctional Institution, Respondent-Appellee.**

No. 79–2001,
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1979.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Carmelo Canet, pro se.

Calvin L. Fox, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant Canet was convicted in Florida state court of armed robbery, armed burglary, display of a firearm during commission of a felony, and conspiracy to commit felonies. His conviction was affirmed on direct appeal. *Canet v. State*, 356 So.2d 68 (Fla.Dist.Ct.App.), *cert. denied*, 361 So.2d 830 (Fla.), *cert. denied*, 439 U.S. 956, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978). Canet then filed this petition for writ of habeas corpus in federal district court. Each issue raised there had also been presented on direct appeal. The petition was denied without evidentiary hearing.

The evidence at trial showed that Canet, armed with a gun, accosted Wilfredo Garcia Curbelo as he rang the doorbell outside the home of Luis Delgado. When Benjamin Delgado, Luis' father, answered the door, Canet forced his way inside. Three accomplices soon arrived and began ransacking the house. Luis Delgado had seen Canet from an upstairs window and called the police. Canet was arrested soon after fleeing from the Delgado home.

Canet was found guilty and sentenced to three concurrent fifteen-year sentences on the substantive counts and to a five-year concurrent sentence on the conspiracy charge.

Canet contends that his sixth amendment right of confrontation was improperly curtailed by the trial court's evidentiary rulings.

Canet attempted to impeach Luis Delgado by showing that his home was a center for "bolita" (gambling) activity. Florida law prohibits impeachment by reference to specific acts of misconduct not resulting in a criminal conviction, and this court has upheld denial of habeas relief by a Florida prisoner contending that this rule unduly limited his right to cross-examination. *Tru-*

man v. Wainwright, 514 F.2d 150, 152 (5th Cir. 1975).

■ The trial court also refused to allow Canet to show that Luis Delgado had been granted immunity from prosecution for his gambling activities. The district court ruled that the exclusion of this evidence may have been erroneous but that it was harmless beyond a reasonable doubt in view of the overwhelming evidence against Canet supplied by witnesses other than Luis Delgado.

A review of the state transcript shows that this ruling is correct. There were two other eyewitnesses to the robbery. Wilfredo Garcia Curbelo identified Canet as the man who had accosted him. Detective Wayne Knowles, who arrived at the Delgado house while the crime was in progress, saw Canet in the house going through a dresser drawer. In addition, Canet's confession showed that he and two or three of his friends had planned the robbery. Moreover, this was not a case where Luis Delgado's credibility was especially crucial or where government and defense witnesses presented irreconcilable stories. The evidence against Canet was very strong, and the district court's finding of harmless error was correct. See Milton v. Wainwright, 407 U.S. 371, 377–78, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972).

■ Canet next contends that he was denied due process by the introduction of his confession without independent evidence of the crime of conspiracy. Although there was abundant evidence of other crimes committed by Canet, he argues that the confession, in which he admitted planning the robbery, was inadmissible absent independent evidence of agreement and intent to join the conspiracy. However, neither Florida nor federal law requires that every element of an offense must be established by evidence outside the confession. A confession is admissible if there is *some* extrinsic evidence tending to support it, and some elements of the offense may be proved en-

tirely on the basis of the corroborated confession. *United States v. White*, 493 F.2d 3, 6 (5th Cir. 1974). *See Hester v. State*, 310 So.2d 455, 457 (Fla.Dist.Ct.App.1975). On the instant facts, there was ample extrinsic evidence to support the admission of the confession.

On direct appeal, Canet unsuccessfully argued that his sentence violated the Florida "single transaction" rule and that separate sentences could not be imposed on the charges of armed robbery and display of a firearm during the commission of a felony. After Canet executed this federal petition but before it was filed, the Florida Supreme Court held that separate concurrent sentences could not be imposed on convictions for robbery and display of a firearm where the display took place during the course of the robbery and constituted a necessary element of the force needed to prove the crime itself. *Johnson v. State*, 366 So.2d 418, 419 (Fla.1978). Thus, it appears that Canet's sentence may be illegal under Florida law.

■ Based on the Florida Supreme Court's decision in *Johnson*, Canet is entitled to file a motion to reduce his sentence pursuant to Fla.R.Crim.P. 3.850 (1977). Therefore, he has not exhausted his state remedies with respect to his illegal sentence claim.[1] Accordingly, we vacate the district court's denial of relief on that claim and remand this case to the district court with instructions to dismiss that claim without prejudice so that Canet may exhaust this newly available state remedy. *See Ralph v. Blackburn*, 590 F.2d 1335, 1337–38 (5th Cir. 1979).

AFFIRMED in part and VACATED AND REMANDED in part.

---

1. That Canet has not exhausted his remedies on this issue does not preclude us from reviewing the merits of the exhausted claims on ap-

peal. *See Galtieri v. Wainwright*, 582 F.2d 348, 362 (5th Cir. 1978) (en banc).