John HUDGINS, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.

No. 81–723–CIV–EPS.

United States District Court,
S. D. Florida,
Miami Division.

Oct. 23, 1981.

On Motion for Rehearing Feb. 8, 1982.

John Hudgins, pro se.

Theda R. James, Miami, for respondent.

## MEMORANDUM OPINION AND ORDER

SPELLMAN, District Judge.

John Hudgins has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking a forty-five year sentence imposed by the Circuit Court of the Eleventh Judicial Circuit of Dade County, Florida on January 15, 1979. Sentence was imposed following a determination that the Petitioner had violated the terms of his probation. Petitioner initially pled guilty to the crimes of aggravated battery, unlawful possession of a firearm while engaged in a criminal offense and unlawful possession of a firearm by a convicted felon. At the time, Petitioner was serving three concurrent terms of probation of seven years each pursuant to plea negotiations of September 6, 1978. Following the revocation of his probation, consecutive terms of imprisonment of fifteen (15) years were imposed for each count.

As grounds for relief, Petitioner alleges the following:

1. That a plea of no contest was unlawfully induced in that Petitioner was "guaranteed" that he would receive concurrent sentences but actually received consecutive terms.

2. The sentence is in violation of the "single transaction rule" in that Petitioner could not lawfully be sentenced separately for Count II, possession of a firearm while engaged in a criminal offense in that said offense was part and parcel of the transaction alleged in Count I, attempted first degree murder (reduced to aggravated battery).

This petition is now being reviewed on rehearing. Initially, in an order dated July 14, 1981, the court ordered dismissal without prejudice because of an unexhausted claim regarding the effective assistance of counsel. However, the Petitioner has informed this Court that he wishes to abandon his claim of ineffective assistance of counsel. Therefore, the Petitioner has ex-

hausted his state judicial remedies with regard to his remaining claims and the court may proceed to the merits.

■ Petitioner's first allegation is that the state failed to uphold its plea bargain agreement when he was sentenced to consecutive terms of imprisonment following the revocation of his probation. He contends that his plea of nolo contendere was induced by a guarantee of concurrent sentences.

Review of the transcript of the plea proceedings held on September 6, 1978, indicates that pursuant to the negotiations, the Petitioner was sentenced to concurrent terms of probation. However, on January 15, 1979, he was found guilty of violating the terms of his probation and the consecutive prison terms were imposed. The transcript of the plea hearing indicates that the trial court judge informed the Petitioner that he would be subject to additional prison time if he violated the terms of his probation. (R. 35). Furthermore, Fla.Stat. § 948.06 provides that following the revocation of probation the court may "impose any sentence which it might have originally imposed before placing the probationer on probation." The Fifth Circuit has validated a similar sentence imposed by a state judge after the defendant violated his bargained-for probation term in *Williams v. Wainwright*, 650 F.2d 58 (5th Cir. 1981). Therefore, Petitioner's claim is clearly without merit.

Petitioner's second claim presents a substantially more difficult question. He claims that because the elements of the crime of possession of a firearm while committing a felony are part of the same elements necessary to establish aggravated battery, that he should not have been sentenced for both. Fla.Stat. § 784.045 defines aggravated battery as follows:

(1) A person commits aggravated battery who, in committing battery:

(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or

(b) Uses a deadly weapon.

The use or display of a firearm during the commission of a felony is set forth in Fla. Stat. § 790.07(2):

Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s.775.082, s.775.083, and s.775.084.

The Petitioner contends that under the state "single transaction rule" he should have been separately sentenced for Count II of the information.

In *Johnson v. State*, 366 So.2d 418 (Fla. 1978), the Florida Supreme Court applied the "single transaction rule" to find that a defendant should not have been convicted for displaying a firearm and for robbery. The court held that the display of the firearm itself constituted the necessary element of force or of putting the victim in fear to prove the crime of robbery. The court relied on its earlier decision in *Cone v. State*, 285 So.2d 12 (Fla.1973) to find that the acts of display or use of a firearm during the commission of a robbery and the crime of robbery were facets of the same transaction which could not support separate sentences.

The Florida Supreme Court found that two offenses were not part of the same transaction where they were temporally distinct. *State v. Heisterman*, 343 So.2d 1272 (Fla.1977). In that case, the court found that the act of assault with intent to commit murder was completed before the crime of shooting a gun into an occupied dwelling took place. Therefore, the court found that the crimes were separate and did not violate state law.

■ Although the Petitioner in the instant case, has raised his claim under state and not federal constitutional law, the federal constitutional standard to establish double jeopardy in violation of the Fifth Amendment is similar to the state's "single transaction rule" so as to permit this Court to consider the Petitioner's claim as one involving double jeopardy. The prohibition against double jeopardy as applied to the states through the Fourteenth Amendment,

protects against multiple punishment for the same offense. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The prohibition against double jeopardy applies where a defendant is charged twice for the same offense. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The test for determining when such a violation of the right against double jeopardy occurs was set forth by the Fifth Circuit in *United States v. Smith*, 574 F.2d 308, 310 (5th Cir. 1978):

> The classic test for determining whether two offenses are "the same" for double jeopardy purposes was announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* requires that each offense be examined to ascertain "whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182; *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221 [2226], 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 151, 97 S.Ct. 2207 [2216], 53 L.Ed.2d 168 (1977). Under the *Blockburger* test, also known as the "same evidence" rule, it is possible for a single criminal act or conspiracy to give rise to multiple separate offenses. See *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (defendant convicted and received consecutive prison terms for three separate offenses arising out of single narcotics sale); *United States v. Houltin*, 525 F.2d 943 (5th Cir. 1976) (single conspiratorial agreement violated two specific conspiracy statutes; defendant's consecutive sentences affirmed), *vacated on other grounds sub nom. Croucher v. United States*, 429 U.S. 1034, 97 S.Ct. 725, 50 L.Ed.2d 745 (1977). Application of the test focuses on the statutory elements of the offenses charged. "If each requires proof of a fact the the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."

*Iannelli v. United States*, 420 U.S. 770, 785 n.17, 95 S.Ct. 1284, 1294 [n.17], 43 L.Ed.2d 616 (1975).

■ Application of the *Blockburger* test to the instant case, indicates that the sentencing for both aggravated battery and the display or use of a firearm in the commission of a felony is in violation of the double jeopardy prohibition. Whether under state or federal law, it appears that the facts needed to prove the crime of aggravated battery and the facts needed to prove the display or use of a firearm in the commission of a felony are inseparable. The Court notes that while Count II of the Information charging the Petitioner, states that he displayed the *firearm* while committing the felony, the proffer of facts at the plea hearing on September 6, 1978 indicates that he did not merely display but actually used the firearm to shoot the victim, Aldore Anderson. Because the use of the firearm against the victim and the use of deadly force to commit an aggravated battery in this case were neither temporally, nor legally or factually distinct, this court finds that the dual sentencing for aggravated battery and for use of a firearm during the commission of a felony violated the Fifth Amendment prohibition against double jeopardy.

Review of the first two counts of the Information indicate that the facts which the state needed to prove under Count II are already incorporated in Count I:

### COUNT I

JANET RENO, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that JOHN HUDGINS on the 25th day of February, 1978, in the County and State aforesaid did unlawfully and feloniously attempt to commit a felony, to-wit: MURDER IN THE FIRST DEGREE, upon ALDORE ANDERSON, and in furtherance thereof, the defendant JOHN HUDGINS, with felonious intent and from a premeditated design to effect the death of a human being, attempted to kill

ALDORE ANDERSON, a human being and in such attempt did point a pistol at and shoot said ALDORE ANDERSON causing bodily harm, in violation of 782.-04(1) and 777.04(1) Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

## COUNT II

And JANET RENO, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that JOHN HUD-GINS, on the 25th day of February, 1978, in the County and State aforesaid, did unlawfully and feloniously display a certain firearm, to-wit: A PISTOL, while at said time and place the defendant was committing a felony, to-wit: ATTEMPT-ED MURDER IN THE FIRST DEGREE, as provided by 782.04(1) and 777.04(1) Florida Statutes, the possession and display of said firearm as aforesaid, being in violation of 790.07 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

The Court further notes that the United States Supreme Court recently found an analogous situation involving federal law to be in violation of the double jeopardy clause. In *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), the court held that 18 U.S.C. § 924(c) which authorized an enhanced sentence for carrying of a firearm in the commission of a felony, could not be used where the underlying or predicate felony contains its own enhancement provision. Similarly in the instant case, the crime of battery is enhanced to aggravated battery because of the use of a deadly weapon, it appears that the separate punishment for use of a firearm in the commission of a felony may not be imposed.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. That the Petition for Writ of Habeas Corpus insofar as it attacks the consecutive sentencing as a breach of the plea bargain agreement is hereby DENIED.

2. That the Petitioner be resentenced concerning his second claim for relief within ninety (90) days from the date of this order. Failure to comply will cause the writ of habeas corpus to be Granted and the Petitioner released from custody.

### On Motion For Rehearing

This Cause is before the Court on Respondent's Motion for Rehearing, challenging this Court's Order of October 23, 1981, which found the Petitioner entitled to partial relief from a forty-five year sentence imposed by the Circuit Court of the Eleventh Judicial Circuit of Dade County, Florida. As reported in the Order of October 23, 1981, sentence was imposed by the State Court following a determination that the Petitioner had violated the terms of his probation. Petitioner initially pled guilty to the crimes of aggravated battery, unlawful possession of a firearm while engaged in a criminal offense and unlawful possession of a firearm by a convicted felon. Following revocation of his probation, consecutive terms of imprisonment of fifteen (15) years were imposed for each count.

This Court found that whether examined under state or federal law, the facts needed to prove the crime of aggravated battery and the facts needed to prove the display or use of a firearm in the commission of a felony are inseparable. Before a legislature can provide for cumulative punishments, each statutory offense requires proof of a fact that the other does not. Therefore, the Court found the dual sentencing for aggravated battery and for use of a firearm during the commission of a felony was violative of the fifth amendment.[1] The Court

---

**1.** Section 775.021(4) Florida Statutes (1979) provides: "Whoever in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more

criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, *excluding lesser included offenses*, committed during said criminal epi-

ordered Hudgins be resentenced within ninety (90) days.

The Respondent now urges that under the rationale of a Florida Supreme Court case, *State v. Hegstrom*, 401 So.2d 1343 (Fla.1981), "it now appears that Hudgins' sentence may be illegal under Florida law" and that the Court should vacate its opinion and dismiss Petitioner's claim for habeas corpus relief so that he "may exhaust his newly available state remedy." In effect, the State's motion urges that the Court deny Petitioner the relief to which it has already found him entitled and send him back through the state system to see if the state court will now provide him relief from the multiple sentencing. The motion must be denied.

 The doctrine of exhaustion is not a question of subject matter jurisdiction but rather a matter of federalism and comity. It is intended to give the state the initial opportunity to decide violations of federal constitutional rights. *Hopkins v. Jarvis*, 648 F.2d 981 (5th Cir. 1981). As explained by the Fifth Circuit, the rationale behind the policy of exhaustion is

> Considerations of comity, avoidance of piecemeal litigation, economy of judicial energy, and the fullest consideration of a petitioner's claims are best served if all of petitioner's claims are presented to the state court system at one time. If he is not afforded relief, then he may petition the federal courts for a review of all his claims. *The goal is to have a petitioner travel through each system only once, at most, in his quest for vindication of alleged constitutional errors.*

*Galtieri v. Wainwright*, 582 F.2d 348, 356 (5th Cir. 1978) (emphasis added).

The Petitioner exhausted his state remedies; he was not afforded relief. The Court can determine no valid purpose to be served by requiring the Petitioner to again travel through the state system to seek the relief to which he is entitled.

The Respondent cites *Canet v. Turner*, 606 F.2d 89 (5th Cir. 1979) in support of his

motion. In that case, the district court had denied the petitioner habeas corpus relief. After the petitioner had executed his federal petition for habeas but before it was filed, the Florida Supreme Court decided a case which appeared to make the petitioner's sentence illegal under Florida law. Therefore, the petitioner had a "newly available state remedy" and an opportunity for relief which had been denied by the district court. The Fifth Circuit vacated the district court's order which had denied relief and remanded so that the Petitioner could exhaust his newly available state remedies. The case is inapposite to Hudgins' situation.

It is thereupon,

ORDERED AND ADJUDGED that Respondent's Motion is Denied and the Petitioner shall be resentenced in accordance with this Court's Order of October 23, 1981.

sode." *State v. Hegstrom*, 401 So.2d 1343, 1346 (Fla.1981) (emphasis added).