650 So.2d 1066 (1995)
Donald KELTNER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04174.
District Court of Appeal of Florida, Second District.
February 17, 1995.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Klawikofsky, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Donald Keltner appeals his convictions for second degree murder[1] and shooting at, within or into a building[2]. We affirm his *1067 convictions, but reverse and remand for resentencing.
Keltner contends that the evidence was insufficient to warrant the jury's finding that he evinced a depraved mind in shooting the victim. From our review of the evidence in this case, we find that the act of pointing a loaded firearm in someone's direction and then firing it is imminently dangerous to another and evinces a depraved mind. Brown v. State, 569 So.2d 1320 (Fla. 1st DCA 1990); Edwards v. State, 302 So.2d 479 (Fla. 3d DCA 1974).
The appellant also argues that the trial court improperly allowed the state to introduce evidence concerning his shooting into a residence and shooting himself a few days later. The state carefully linked the same weapon to the three shootings. These events were relevant to help establish his identity as the perpetrator and were in close proximity to the time of the murder which occurred shortly thereafter. See Remeta v. State, 522 So.2d 825 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 (1988).
Keltner correctly asserts, however, that his sentence of fifteen years' incarceration followed by life probation exceeds the statutory maximum of forty years. Dyer v. State, 629 So.2d 285 (Fla. 5th DCA 1993).
Accordingly, although we affirm his convictions, we reverse and remand for resentencing.
ALTENBERND and LAZZARA, JJ., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1993).
[2] § 790.19, Fla. Stat. (1993).