ON MOTION FOR REHEARING AND REHEARING EN BANC

THOMAS, J.
This cause is before us on Appellant’s motion for rehearing and rehearing en banc filed December 31, 2008. We deny Appellant’s motion, but withdraw our former opinion of December 16, 2008, and substitute this corrected opinion in its place.
The State appeals a three-year minimum mandatory prison sentence imposed by the trial court after a jury convicted Appellee/Cross-Appellant Thompson of aggravated assault with the discharge of a firearm. Thompson was also convicted of shooting or throwing deadly missiles, based on the same act. The State contends that the trial court reversibly erred in refusing to impose the 20-year minimum mandatory sentence, as provided in section 775.087(2), Florida Statutes (2006). The State also relies on subsections 775.087(2)(a)(2)(c) and (d), which clearly provide the legislature’s intent that minimum mandatory terms be imposed for enumerated felonies involving firearms. We must agree with the State, and reverse and remand for imposition of the 20-year minimum mandatory sentence.
Thompson, relying on State v. Heisterman, argues that the aggravated assault was completed when he pointed the firearm at the victim; thus, the firearm was not discharged during the commission of the offense. 343 So.2d 1272, 1273 (Fla. 1977) (holding that the offense of assault “was proved without evidence that any shots were fired.”). However, this does not end the analysis. Although the crime of aggravated assault can be proven without evidence of a discharged firearm, the crime can also be committed by shooting a firearm. See, e.g., Chambers v. State, 880 So.2d 696 (Fla. 2d DCA 2004) (en banc) (affirming conviction of aggravated assault with discharge of a firearm where a struggle with defendant resulted in a gunshot wound to the victim).
Thompson turned down two- and three-year plea offers and elected to go to trial. At trial, the victim testified that after a verbal altercation, Thompson left the room that the victim occupied and returned with a firearm. Thompson then approached her, extended his arm toward her, and discharged the firearm. The victim testified that once she saw the gun, she was put in fear. The bullet shattered a computer screen located on a table next to the victim, causing her cuts and abrasions. Based on the incident, Thompson was charged with, and found guilty of, aggravated assault with the discharge of a firearm. As such, his reliance on Heisterman is misplaced.
We agree with the State’s argument that imposition of the 20-year minimum mandatory sentence is required by law. Whether imposition of the 20-year mandatory term would be a “crime in itself,” as stated by the trial court,[1] is a matter directed to the legislature. State v. Sesler, 386 So.2d 293 (Fla. 2d DCA 1980) (holding that the trial court erred in failing to impose a mandatory minimum sentence pursuant to section 775.087(2), Florida Statutes, because the sentence was nondiscretionary and a matter of legislative prerogative). Just as the trial court *691 lacked the legal authority to decline to impose the sentence required by law, we also lack the authority to reject the State’s position on appeal, regardless of any view we may have of the mandated sentence.
We further reject Thompson’s arguments regarding the constitutionality of the 20-year minimum mandatory sentence for aggravated assault involving the discharge of a firearm. Green v. State, 792 So.2d 643 (Fla. 1st DCA 2001) (holding that the “10/20/Life” statute does not violate the separation of powers provision of the State Constitution). We additionally reject Thompson’s argument in the cross-appeal without further discussion.
REVERSED and REMANDED with directions to the trial court to impose the 20-year minimum mandatory sentence for conviction of aggravated assault during which a firearm was discharged, pursuant to sections 775.087(2) and 784.021(1), Florida Statutes (2006).
LEWIS, J., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.

. Judge James L. Harrison presided over Thompson's trial and sentencing proceedings.