PER CURIAM.
 

 The Appellant seeks review of an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because we find the Appellant’s arguments relating to count I of his sentence merit-less, we affirm without further discussion. However, the State properly concedes error as to count II. Therefore, we reverse.
 

 The Appellant was convicted and sentenced of aggravated assault (count I) and shooting or throwing deadly missiles (count II), and was sentenced to concurrent terms of three years’ imprisonment on both counts, with a three-year minimum mandatory term on count I. This Court reversed and remanded for the imposition of the statutorily mandated 20-year minimum mandatory on count I, during which a firearm was discharged.
 
 State v. Thompson,
 
 4 So.3d 689 (Fla. 1st DCA 2009). On remand, the lower court resen-tenced the Appellant on count I accordingly. However, the lower court also resen-tenced the Appellant to a concurrent term of five years’ imprisonment on count II.
 

 The Appellant filed the present motion contending that the resentencing on count II is illegal where that count was not reversed on direct appeal. This Court directed the State to show cause why the Appellant’s motion as to count II should not be granted, and the State responded by conceding error.
 

 In light of the State’s concession, we hold that the trial court illegally resen-tenced the Appellant to a more onerous sentence on count II, and we remand for the reimposition of the original three-year sentence as to that count only.
 

 AFFIRMED IN PART, REVERSED IN PART and REMANDED with instructions.
 

 DAVIS, THOMAS, and RAY, JJ., concur.