WESLEY LASSITER, Plaintiff in Error, v. STATE OF FLORIDA, Defendant in Error.

Division B.

Opinion filed August 1, 1929.

*S. K. Gillis*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

BUFORD, J.—In this case the plaintiff in error was charged by indictment with the crime of assault with intent to commit murder in the first degree. He pleaded not guilty and on trial by jury was convicted of the crime of assault with intent to commit manslaughter. He was adjudged to be guilty of such offense and was sentenced to serve a period of twelve months in the State prison.

To the judgment he took writ of error.

An "assault with intent to commit manslaughter" is an unlawful assault committed in such manner and with such means as would have resulted in the commission of the crime of manslaughter if the person assaulted had then and there died from the affects of the assault.

There are two assignments of error. The first is "The Court erred in denying the defendant's motion for a new trial." The second, "The Court erred in sentencing the plaintiff in error on the verdict as returned by the jury."

The verdict of the jury as shown by the transcript of the record is as follows:

"We the jury, find the defendant guilty of an assault with intent to commit manslaughter."

It is the contention of the plaintiff in error that the words "with intent," as contained in the verdict were inserted by the trial judge after the verdict was presented in court and before the verdict was filed. This, however, is not evidenced by the record and it is a well settled rule that the allegations contained in a motion are not self proving. Therefore, the appearance of this allegation in a motion for a new trial is not evidence of the existence of such a condition as could be considered by this Court even if the same was material.

We take it that the verdict as it would have read without the words "with intent" inserted therein would have been entirely sufficient as a basis for a judgment of conviction in this case under the authority of opinion in the case of Richardson v. The State, 72 Fla. 154, 72 So. R. 665, and cases there cited, and in French v. The State, decided December, 1928, reported 118 So. R. 815.

The motion for a new trial contains reference to certain charges given by the court which are insisted upon as constituting grounds for reversal. The charges complained of, if read alone, might be objectionable, but when they are read in connection in the entire charges given by the court, we do not think that the jury could have been misled by such charges and that any improper phraseology thereof was cured by the language used in the entire charges given by the court.

The evidence was amply sufficient to have sustained a verdict of an assault, with intent to commit a higher offense than manslaughter.

There were conflicts in the testimony but the jury, exercising its lawful authority, resolved such conflicts against the contention made by the plaintiff in error and we find no

reason to assume that the jury was influenced by any improper motives or by anything outside of the evidence or that the jury was misled to the prejudice of the plaintiff in error.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J. concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J. (dissenting).—I do not see how there can be as to certain classes of cases, any such offense as assault with the intent to commit manslaughter as manslaughter is defined by our statute. The statutory definition of manslaughter appears to eliminate the element of intent to kill, in certain cases; such as deaths resulting from culpable negligence.