STATE, *ex rel.* RICHARD BROWN v. NATHAN MAYO, as State
Prison Custodian, *et al.*

152 So. 627.
Division B.
Opinion Filed January 15, 1934.

*R. B. Moseley,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,*
Assistant, for Respondents.

WHITFIELD, P. J.—In habeas corpus proceedings it ap-
pears that Richard Brown was charged with assault with
a premeditated design and intent to commit murder, that
he pleaded guilty of "assault with intent to commit man-
slaughter" and was sentenced to imprisonment for five
years in the State penitentiary. The question to be de-
termined is the legality of the sentence.

The statutes of the State contain the following:

"The killing of a human being by the act, procurement or
culpable negligence of another, in cases where such killing
shall not be justifiable or excusable homicide nor murder,
according to the provisions of this Article, shall be deemed
manslaughter, and shall be punished by imprisonment in the

State prison not exceeding twenty years, or imprisonment in the county jail, not exceeding one year, or by fine not exceeding five thousand dollars." Sec. 7141 (5039) C. G. L.

"Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." Sec. 7165 (5063) C. G. L.

"Whenever punishment by imprisonment is prescribed, and the said imprisonment is not expressly directed to be in the State prison, it shall be taken and held to be imprisonment in the county jail, and whenever the punishment is prescribed to be fine or imprisonment (whether in the State prison or county jail) in the alternative, the court may, in its discretion, proceed to punish by both fine and imprisonment." Sec. 7103 (5004) C. G. L.

"The punishment for commission of crimes other than felonies in this State, when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual because of constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days, or both, at the discretion of the court." Sec. 7104 (5005), C. G. L.

"Any crime punishable by death, or imprisonment in the State prison, is a felony, and no other crime shall be so considered. Every other offense is a misdemeanor." Sec. 7105 (5006), C. G. L.

"The term felony, whenever it may occur in this Constitution or in the laws of the State, shall be construed to

mean any criminal offense punishable with death or imprisonment in the State penitentiary." Sec. 25, Art. XVI, Constitution of Florida.

Under Sections 7141 (5039) and 7165 (5063) Compiled General Laws, upon conviction on a plea of guilty of assault with intent to commit manslaughter, the court could impose a sentence of punishment of either imprisonment in the State prison not exceeding ten years, or imprisonment in the county jail not exceeding six months, by which sentence the defendant would "be punished to an extent not exceeding .one-half the punishment which could have been inflicted had the crime been committed." The sentence in this case is imprisonment in the State penitentiary for the period of five years, and such sentence is in accord with the statute.

Section 7151 (5039), first enacted as Section 2384 of the Revised General Statutes of 1892, defines the crime of manslaughter and prescribes the penalty or punishment that may be imposed for the crime.

Section 7165 (5063), Compiled General Laws, quoted above, was first enacted as Section 2403, Revised General Statutes of 1892. The second sentence of the section has direct relation to the place and term of imprisonment contained in the provisions of the preceding sentence of the section. The first sentence provides for "imprisonment in the State prison not exceeding twenty years" upon conviction for "an assault on another with intent to commit any felony punishable with death or imprisonment for life," while the second sentence of the section provides that "an assault with intent to commit any other felony shall be punished to an extent not exceeding one-half of the punishment which could have been inflicted had the crime been committed." The second sentence necessarily refers to the *place of imprisonment* stated in the first sentence which is

the State Prison, and limits the time of imprisonment *to an extent not exceeding one half of the time* of imprisonment in the State prison that could have been imposed had the crime been committed with intent to commit it.

Section 7165 (5063) makes a felony any assault on another with intent to commit a felony; and, except in cases of assault with intent to commit any felony punishable with death or life imprisonment, the section provides for a sentence to imprisonment in the State prison "to an extent not exceeding one-half of the punishment which could have been inflicted had the crime been committed," which means imprisonment in the State prison for not more than half the time for which a sentence could be imposed had the intended felony been actually committed. See Devoe v. Tucker, decided at the present term.

As Sections 7141 (5039) and 7165 (5063), Compiled General Laws, provide for imprisonment in the State prison, they do not conflict with Sections 7103 (5004), 7104 (5005), 7105 (5006), Compiled General Laws, and Section 25, Article XVI, Constitution. Section 7544 (5403), Compiled General Laws, is not applicable.

In Walden v. State, 50 Fla. 151, 39 So. 151, the statute did not provide that the imprisonment should be in the State prison. The statute in this case does.

The petitioner is remanded.

Brown and Buford, J. J., concur.

Davis, C. J., and Ellis and Terrell, J. J., concur in the opinion and judgment.