Karle CHARLTON, Petitioner-Appellant,

v.

Louis L. WAINWRIGHT, Director,
Department of Corrections,
Respondent-Appellee.

No. 78–1219
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Bruce S. Rogow, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Michael A. Palecki, Charles Corces, Jr., Asst. Attys. Gen., Tampa, Fla., for respondent-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to petitioner Karle Charlton, a prisoner of the State of Florida. Charlton claims that he was convicted of attempted manslaughter by culpable negligence, a crime that did not exist; or, alternatively, that the jury was asked to choose between a legally valid and invalid theory for conviction, and may have chosen the latter.[1] Finding no error in the denial of habeas relief below, we affirm.

The facts of this case are not in dispute. On October 29, 1974, Charlton was employed by Big Daddy's Lounge in Naples, Florida. On that evening he and two other employees attempted to evict an intoxicated patron from the lounge and an argument ensued. The patron fell down a flight of stairs, suffered head injuries, and died several days later. Petitioner was charged with manslaughter in a single count Information. The Information, tracking the language of Fla.Stat. § 782.07, charged him with murder by act, procurement, or culpable negligence.

At trial the evidence about petitioner's state of mind when he evicted the patron was in conflict. The trial court instructed the jury on manslaughter, Fla.Stat. § 782.-07, and on attempt, Fla.Stat. § 777.04(1), although the appellant had waived the latter instruction. Without objection, the court also instructed the jury that it could render a verdict of not guilty, guilty of attempted manslaughter, or guilty of manslaughter. The jury found the petitioner guilty of attempted manslaughter.

On direct appeal, his conviction was affirmed without a written opinion. *Charlton v. State,* Fla.App.1976, 336 So.2d 609 (Fla.2d DCA 1976). The Florida Supreme Court denied certiorari in *Charlton v. State,* 341 So.2d 1080 (Fla.1976). After a hearing, the federal district court denied habeas relief under 28 U.S.C. § 2254.

The petitioner concedes that if he had been convicted of attempted manslaughter by either "act" or "procurement," his conviction would be valid. He observes, however, that the verdict of "guilty of attempted manslaughter" may have been based on attempted manslaughter "by culpable negligence" as well.[2] He contends that such a crime is a logical absurdity, since it involves the intent to commit a negligent (involuntary) act; and that it had never before been recognized as a crime in Florida.

 Charlton's argument fails because Florida cases have clearly defined "culpable negligence" to require proof of something more than a purely involuntary act.

1. Florida also raises the following issues as a bar to the present action: petitioner's alleged failure to exhaust these issues in state court, and non-compliance with Florida's contemporaneous objection statute, Fla.R.Cr.P. § 3.390(d). Finding that these issues are meritless, we proceed to examine petitioner's claims.

2. Petitioner was indicted in the disjunctive: "act, procurement, or culpable negligence." Culpable negligence was defined for the jury.

■ Florida courts have long recognized the crimes of assault with intent to commit manslaughter[3] and accessory before the fact to manslaughter.[4] Both of these crimes, assault with intent[5] and accessory before the fact,[6] involve specific intent. The Florida Supreme Court has stated that assault with intent to commit manslaughter is a crime where the mode of assault constitutes "culpable negligence."[7]

■ In addition to recognizing that a person can have the specific intent to commit manslaughter, Florida courts have implicitly recognized the crime of attempted manslaughter. *Devoe v. Tucker,* 113 Fla. 805, 152 So. 624, 626 (1934).[8]

■ Florida courts have given a special definition to "culpable negligence." Instead of construing it to emphasize involuntary and unintentional behavior, they have construed it to emphasize culpability which rests on intentional, or quasi-intentional, behavior:

'Culpable negligence' as used in the manslaughter statute means negligence of a gross and flagrant character evincing a reckless disregard of human life or the safety of persons exposed to its dangerous effects, or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an *intentional* violation of them. *Carraway v. Revell,* Fla.App.1959,

112 So.2d 71; *Cannon v. State,* 1926, 91 Fla. 214, 107 So. 360.

*McCullers v. State,* 206 So.2d 30, 33 (Fla. 4th DCA), *cert. denied,* 210 So.2d 868 (Fla. 1968);[9] *See also, Grantham v. State,* 358 So.2d 878 (Fla.2d DCA 1978); *Filmon v. State,* 336 So.2d 586 (Fla.1976), *cert. denied,* 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977). In sum, Florida has defined culpable negligence to involve a state of mind so wanton or reckless that the behavior it produces may be regarded as intentional. As a result, Florida manslaughter convictions based on culpable negligence, like those based on act or procurement, demand proof of a level of intent greater than that of ordinary negligence.[10] Since each of these three ways of committing manslaughter requires that intent predominate over accident or chance, petitioner's attack on the logic of attempted manslaughter by culpable negligence must fail.

Petitioner's contention, therefore, that the conviction was based on the jury's choice between a valid and invalid theory cannot stand. *See, Cameron v. Hauck,* 383 F.2d 966, 972 (5th Cir. 1967). In this case, no such choice was presented. The jury chose between attempted manslaughter by act, attempted manslaughter by procurement, and attempted manslaughter by culpable negligence. We do not know which of these theories the jury applied in reaching its verdict of "guilty of attempted manslaughter," but we are confident that each is legally sound under Florida law.

Relying on their own jurisprudence and statutes, other courts have reached results

---

3. *Devoe v. Tucker,* 113 Fla. 805, 152 So. 624, 625 (1934); *State ex rel. Brown v. Mayo,* 113 Fla. 746, 152 So. 627 (1934); *Lassiter v. State,* 98 Fla. 370, 123 So. 735 (1929); *Kelley v. State,* 78 Fla. 636, 83 So. 506 (1919).

4. *Thomas v. State,* 73 Fla. 115, 74 So. 1 (1917); *Johnson v. State,* 91 So.2d 185 (Fla.1957) (en banc).

5. Fla.Stat. § 784.021(1)(b).

6. Fla.Stat. § 777.011.

7. *See Kelley* n.3, *supra* at 507.

8. *See also, Vogel v. State,* 124 Fla. 409, 168 So. 539, 540 (1936).

9. In *State v. White,* 324 So.2d 630 (Fla.1975) the Florida Supreme Court disapproved of *McCullers v. State,* 206 So.2d 30 (Fla.1968) on the point of whether the definition of assault includes victim awareness. The Supreme Court of Florida answered this affirmatively and disapproved of *McCullers* on this point. This, however, does not affect the part of the *McCullers* case we have relied on in this opinion.

10. *Chieves v. State,* 328 So.2d 264, 265 (Fla. 1st DCA), *cert. denied,* 336 So.2d 108 (Fla.1976).

different from Florida.[11] This result does not validate a conviction for the attempt to perform an involuntary act [12] or a act involving ordinary negligence.[13]

A Florida conviction for attempted manslaughter by culpable negligence is valid under the law of that State, and does not offend the United States Constitution.

AFFIRMED.

---

11. *See, e. g., Commonwealth v. Hebert,* 368 N.E.2d 1204 (Mass.1977); *People v. Weeks,* 86 Ill.App.2d 480, 230 N.E.2d 12 (1967).

12. *See Hebert,* n.11, *supra;* LaFave and Scott, *Criminal Law* (1972 ed.), at 430.

13. See LaFave and Scott, *op. cit.; Perkins on Criminal Law* (2d ed. 1969), 573–574; *Chieves,* n.10, *supra.*

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.