# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2010

No. 09-40154

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEBASTIAN FELIPE CHAN-GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-922

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sebastian Felipe Chan-Gutierrez ("Gutierrez") appeals his sentence, arguing that the district court erroneously concluded that his prior Florida conviction for manslaughter was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We affirm.

## I. BACKGROUND

Gutierrez pled guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326. Over Gutierrez's objection, the district court concluded that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior Florida conviction for manslaughter constituted a "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  This resulted in a sixteen-level enhancement to the base offense level of 8.  After a 2-level reduction for acceptance of responsibility, this resulted in a total offense level of 22, which when combined with his criminal history category of V, produced a Guidelines range of 77-96 months.  The district court sentenced Gutierrez to 57 months.

## II. DISCUSSION

"We review de novo the district court's interpretation and application of the guideline." *United States v. Pillado-Chaparro*, 543 F.3d 202, 204 (5th Cir. 2008).  Section 2L1.2(b)(1)(A) of the Guidelines authorizes a 16-level increase if a defendant illegally reenters the United States after having been convicted of a felony that is a "crime of violence."  When Gutierrez was sentenced, "crime of violence" was defined as any number of enumerated offenses, including manslaughter.  *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (stating that "[c]rime of violence means any of the following . . . manslaughter . . . .")

A defendant's prior state offense, while labeled "manslaughter," does not necessarily qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii).  *See United States v. Bonilla*, 524 F.3d 647, 652-55 (5th Cir. 2008).  Instead, whether a prior conviction qualifies as an enumerated "crime of violence" requires this court to compare the actual statute of conviction with the "generic, contemporary meaning" of the offense.  *See United States v. Murillo-Lopez*, 444 F.3d 337, 339 (5th Cir. 2006).  "When the statute of conviction encompasses prohibited behavior that is not within the generic, contemporary definition of the enumerated offense, the conviction is not a crime of violence as a matter of law." *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006) (internal citation and quotation marks omitted).  The question before us, then, is whether Florida's manslaughter statute encompasses behavior beyond that included in the "generic, contemporary" meaning of manslaughter.

"We have recognized that the recklessness standard adopted in the Model Penal Code provides the minimal necessary *mens rea* for generic contemporary manslaughter (including involuntary manslaughter)." *Bonilla*, 524 F.3d at 654 (internal citations omitted). The recklessness standard requires "proof of conscious disregard of perceived homicidal risk." *Id.* Criminal negligence, in contrast, requires only that a person "*should be aware* of a substantial and unjustifiable risk" and is insufficient to comport with generic, contemporary manslaughter. *United States v. Dominguez-Ochoa*, 386 F.3d 639, 645 (5th Cir. 2004). Thus, Florida's manslaughter statute "will be broader than the general, contemporary definition of manslaughter—and thus not a [crime of violence] under the guideline—if one of its subsections requires less than a reckless state of mind." *Bonilla*, 524 F.3d at 654.

Like here, where it is unclear from the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented" what subpart of the statute the defendant violated, this court considers "whether the least culpable act constituting a violation of that statute constitutes [manslaughter] for purposes of U.S.S.G. § 2L1.2." *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008) (internal citations omitted).

The least culpable act under the Florida manslaughter statute is manslaughter by culpable negligence. FLA. STAT. ANN. § 782.07. Gutierrez argues that manslaughter by culpable negligence requires a *mens rea* less than recklessness. He contends that the culpable negligence standard is more akin to criminal negligence, because Florida's culpable negligence standard does not require the disregard of an actual perceived risk but instead merely requires conduct that the defendant should have known would produce death or serious injury.

No. 09-40154

Although the statute does not define culpable negligence, Florida courts have consistently defined culpable negligence under the manslaughter statute as: (1) of gross and flagrant character, evincing reckless disregard of human life or of safety of persons exposed to its dangerous effects; (2) the entire want of care which would raise a presumption of indifference to consequences; (3) such wantonness or recklessness or grossly careless disregard of safety and welfare of the public; or (4) the reckless indifference to the rights of others, which is equivalent to an intentional violation of them. *Hunt v. State*, 87 So. 2d 584, 585 (Fla. 1956); *Maxey v. State*, 64 So. 2d 677, 678 (Fla. 1953); *Walter v. State*, 26 So. 2d 821 (Fla. 1946); *Brickle v. State*, 874 So. 2d 1199 (Fla. Dist. Ct. App. 2004). Similarly, this court has noted that "Florida has defined culpable negligence to involve a state of mind so wanton or reckless that the behavior it produces may be regarded as intentional." *Charlton v. Wainwright*, 588 F.2d 162, 164 (5th Cir. 1979).

Though the Florida Supreme Court and a Florida appellate court have cast doubt on the idea that culpable negligence is the equal of intent in all contexts, *see, e.g.*, *Taylor v. State*, 444 So. 2d. 931, 934 (Fla. 1993); *Maynard v. State*, 660 So. 2d 293 (Fla. Dist. Ct. App. 1995), they have never disturbed *Charlton's* central holding: that culpable negligence involves a mental state equivalent to at least recklessness. Therefore, this court's opinion in *Charlton*, which established that manslaughter by culpable negligence under Florida law requires at least a mental state of recklessness, is dispositive of the issue in this case.

Because the Florida manslaughter statute does not punish any conduct beyond that covered by "generic, contemporary" manslaughter, Gutierrez's manslaughter conviction is a crime of violence under § 2L1.2(b)(1)(A)(ii). The district court's application of a sixteen-level enhancement to his offense was appropriate, and the sentence was not imposed as a result of guideline error.

4

No. 09-40154

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's sentence.