# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10940

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

MICHAEL DEWAYNE VICKERS,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

The government appeals the district court's grant of Michael Dewayne Vickers's motion under 28 U.S.C. § 2255 and its subsequent judgment resentencing Vickers to 98 months in prison. The district court vacated Vickers's original sentence because it found that his Texas conviction for murder no longer qualified as a predicate offense for a career offender sentence enhancement under the Armed Career Criminal Act (ACCA) after *Johnson v. United States*, 135 S. Ct. 2551 (2015). Applying the categorical approach, we hold that the statute under which Vickers was convicted meets the ACCA's definition of a violent felony and VACATE the judgment below.

No. 18-10940

## I.

On July 25, 2006, Vickers was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He proceeded to trial and was convicted by a jury. In anticipation of sentencing, the probation officer prepared a presentence investigation report (PSR), in which the officer assigned Vickers a base offense level of 33 under the United States Sentencing Guidelines after concluding that he was an ACCA career offender. The PSR relied on Vickers's prior Texas felony convictions for murder, burglary of a habitation, and unlawful delivery of a controlled substance as predicate offenses for the career offender enhancement. On July 5, 2007, the district court sentenced Vickers to 190 months in prison, which the court then adjusted to 168 months to give him credit for 22 months of time served in Texas state prisons for a related state offense. This court affirmed the conviction and sentence on direct appeal. *See United States v. Vickers*, 540 F.3d 356, 359 (5th Cir. 2008).

On December 8, 2015, Vickers filed the instant § 2255 motion alleging that his prior convictions no longer qualify as predicate offenses under the ACCA in light of *Johnson*. The district court appointed counsel and allowed Vickers to seek authorization from this court to pursue a successive § 2555 motion. This court granted authorization for Vickers to challenge his sentence based on his argument that his Texas murder conviction no longer qualifies as a predicate offense but denied his request to challenge his sentence based on the argument that his Texas burglary conviction no longer qualifies.

Vickers filed an amended § 2255 motion in the district court. Relying on our court's case law distinguishing between direct and indirect force, which has since been overruled by *United States v. Reyes-Contreras*, 910 F.3d 169, 187 (5th Cir. 2018) (en banc), the magistrate judge recommended granting the

motion. The government filed objections to the magistrate judge's findings and recommendations. The district court overruled the objections, adopted the magistrate judge's conclusions, and vacated Vickers's sentence. The court held a new sentencing hearing on June 27, 2018.

The government timely appealed from the criminal judgment after Vickers was resentenced.

## II.

### A.    Jurisdiction to Review the Court's § 2255 Order

As an initial matter, Vickers argues that the government did not properly appeal the district court's order granting Vickers's § 2255 motion because it filed its notice of appeal from the criminal judgment after his resentencing rather than from the district court order granting the motion and vacating his original sentence. The district court first entered a judgment vacating Vickers's original sentence on June 5, 2018. It then resentenced Vickers and entered another judgment on June 27, 2018. The government filed its notice of appeal on July 17, 2018. Vickers asserts that, because the notice of appeal is timely only as to the second judgment and was filed in the criminal docket, it applies only to the resentencing, meaning that the government cannot challenge the district court's order vacating his original sentence.

We disagree. The government's notice of appeal refers to both the criminal and civil cases, and it appeals from "the final judgment and sentence imposed after granting Section 2255 relief." Further, the government could not have appealed directly from the civil judgment vacating Vickers's sentence. In a § 2255 case, when "what was appropriately asked and appropriately granted was the resentencing of the petitioner[], it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioner[] [has been] resentenced." *Andrews v. United States*, 373 U.S. 334, 340 (1963); *see also*

No. 18-10940

*United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008) (explaining that *Andrews* held that "when a § 2255 petitioner is granted a resentencing, the government may not appeal that finding until *after* the resentencing occurs"). Thus, the government had no choice but to wait until Vickers was resentenced to appeal the district court's order granting the § 2255 motion. *See* 28 U.S.C. § 1291 (granting this court jurisdiction over appeals from "final decisions").

Vickers does not cite a single instance in which this court has required the government to file separate notices of appeal from the criminal and civil judgments in order to challenge the grounds for granting a § 2255 motion. Indeed, this court has considered both a revised criminal sentence and the issues raised in the § 2255 motion leading to the revised sentence based on a single notice of appeal filed after the defendant was resentenced. *See Hayes*, 532 F.3d at 352–53. Accordingly, the government's notice of appeal was proper, and we may review both the order vacating the original conviction and the district court's new sentence.

## B.     Vickers's Texas Murder Conviction

The government seeks reversal of the district court's holding that Vickers's Texas murder conviction does not qualify as a violent felony. Because the government properly objected below, we review the district court's order *de novo. United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006). We agree with the government that, in light of our 2018 en banc decision in *Reyes-Contreras*, which was decided while this appeal was pending, the district court's holding no longer reflects the law of this circuit.

Title 18 U.S.C. § 922(g)(1), the federal statute under which Vickers was convicted, provides, "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." *Id.* §

4

922(g)(1). A person with three qualifying convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" who violates § 922(g) is subject to a mandatory minimum sentence of fifteen years in prison. 18 U.S.C. § 924(e)(1). Vickers received this sentencing enhancement because he was previously convicted of the Texas state crimes of murder, burglary of a habitation, and delivery of a controlled substance.

To determine whether a crime falls within the federal definition of a violent felony, we employ the categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Under the categorical approach, courts "'look only to the statutory definitions'—*i.e.*, the elements—of [an offense], and *not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis*, 136 S. Ct. at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)). "[T]he prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* at 2247. The "generic offense" is "the offense as commonly understood," provided in the ACCA. *Id.* "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA [predicate]—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.* at 2248.

To prevail, a defendant must show that the state offense is broader than the generic federal offense, and "[h]e must also show 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime.'" *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Merely pointing to plausible interpretations of the statutory text in a vacuum is not enough. *Id.* Thus, a

defendant must point to case law from the relevant state courts actually applying the state law in a manner that is broader than the federal definition. *Id.* at 222–23.

A "violent felony" under the ACCA includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[1] 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the term "physical force" as "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted). Texas Penal Code § 19.02 provides that a person commits murder when he:

> (1) intentionally or knowingly causes the death of an individual;
>
> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or
>
> (3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02.[2] Vickers argues that felony murder, as defined in § 19.02(3), which occurs when a person commits "an act clearly dangerous

---

[1]     In *Johnson*, the Supreme Court held that the so-called "residual clause" of the definition, which includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2557. To prevail, therefore, the government now must argue that Texas murder qualifies as a violent felony under § 924(e)(2)(B)(i), quoted above, known as the force clause. *See United States v. Montgomery*, 402 F.3d 482, 486 (5th Cir. 2005) (defining this clause as the "Force Clause").

[2]     "[T]his court examines the statutory elements as they existed at the time the defendant committed the offense," *United States v. Clay*, 921 F.3d 550, 557 n.2 (5th Cir. 2019), *as revised* (Apr. 25, 2019), which for Vickers was 1982. Texas Penal Code § 19.02 was the same in 1982 as it is today, except that in 1982 the statute referred to "voluntary or

to human life that causes the death of an individual," does not have as an element the use of physical force against another person. The district court agreed because it found that felony murder involves only indirect force, which, at that time, was outside of the federal definition of "physical force."

In *Reyes-Contreras*, our en banc court announced an expanded reading of the term "force" for an identically worded federal definition appearing in § 2L1.2 of the Sentencing Guidelines. 910 F.3d at 182. We held that "for purposes of identifying a conviction as a [crime of violence], there is no valid distinction between direct and indirect force." *Id*. Thus, actions such as assisting in suicide are crimes of violence under *Reyes-Contreras*. *Id*. We also clarified that, based on *Voisine v. United States*, 136 S. Ct. 2272 (2016), "the 'use of force' . . . can include knowing or reckless conduct." *Reyes-Contreras*, 910 F.3d at 183. Finally, we held that bodily contact is not required to show a use of force, meaning that causing injury or creating a risk of injury can be a use of force. *Id*. at 183–84. Therefore, under the broad conception of force described in *Reyes-Contreras*, even felony murder involves "physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Vickers argues that, despite *Reyes-Contreras*, felony murder still does not involve the "use" of force because the term "use" requires an active and knowing application of force, and a person could be convicted of felony murder for applications of force that are accidental or unknowing. The Supreme Court has held that knowing or intentional applications of force qualify as uses of force. *United States v. Castleman*, 572 U.S. 157, 169–70 (2014). It has also held that reckless conduct can be a use of force. *Reyes-Contreras*, 910 F.3d at 183; *Voisine*, 136 S. Ct. at 2279 ("[T]he word 'use' does not exclude from § 922(g)(9)'s

---

involuntary manslaughter" in the definition of felony murder. *See Ex parte Easter*, 615 S.W.2d 719, 720 (Tex. Crim. App. 1981) (quoting the 1981 version of the statute).

No. 18-10940

compass an act of force carried out in conscious disregard of its substantial risk of causing harm."). Conversely, negligent or merely accidental conduct does not qualify as a use of force. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). A person uses force only when he or she has "the understanding that [the action] is substantially likely to [cause harm]." *Voisine*, 136 S. Ct. at 2279; *see also United States v. Aguilar-Alonzo*, 944 F.3d 544, 550 (5th Cir. 2019) ("In a variety of criminal statutory contexts, we have consistently interpreted the ordinary and natural meaning of the verb 'use' to require active employment of something, as has the Supreme Court.").

Vickers relies on *Lomax v. State*, 233 S.W.3d 302 (Tex. Crim. App. 2007) to argue that felony murder includes negligent or accidental uses of force. In *Lomax*, the Texas Court of Criminal Appeals held that the felony murder statute evinces a "clear legislative intent to plainly dispense with a culpable mental state" based on the "historical purpose of the felony-murder rule . . . to make a person guilty of an 'unintentional' murder when he causes another person's death during the commission of some type of a felony." *Id.* at 305. Thus, under *Lomax*, Vickers contends that Texas felony murder covers negligent or accidental conduct that would not be a "use" of force. *See Leocal*, 543 U.S. at 9.

*Lomax* is inapplicable here because it was decided in 2007, more than 20 years after Vickers's conviction. We consider only the state law as it existed at the time of Vickers's 1982 murder conviction. The Supreme Court has held that "[t]he only way to answer th[e] backward-looking question" of whether a defendant's prior conviction is a qualifying predicate under the ACCA "is to consult the law that applied at the time of that conviction." *McNeill v. United States*, 563 U.S. at 820; *see also Descamps*, 570 U.S. at 295 n.5 (Alito, J., dissenting) ("The majority suggests that California law is ambiguous as to this requirement, but any confusion appears to have arisen after petitioner's 1978

conviction and is therefore irrelevant for purposes of this case." (citation omitted)). In *McNeill*, the defendant argued that the court should apply the state law as it existed at the time of the federal sentencing, and the Supreme Court rejected this approach because that "argument overlooks the fact that ACCA is concerned with convictions that have already occurred." 563 U.S. at 820. Thus, we must apply the state court interpretation at the time of Vickers's conviction.

The Texas Court of Criminal Appeals' interpretation of Texas's felony murder statute at the time of Vickers's conviction is provided by *Rodriquez v. State*, 548 S.W.2d 26 (Tex. Crim. App. 1977), in which the Court of Criminal Appeals held that "because § 19.02(a)(3) is silent as to, and does not plainly dispense with, the culpable mental state required for the underlying felony committed or attempted . . . the culpable mental state shall . . . be one of intent, knowledge, or recklessness." *Id.* at 28. Thus, until 2007, when *Lomax* changed the prevailing standard, felony murder in Texas required a mental state of recklessness or higher, meaning that all defendants convicted under this statute would have taken active steps to "use" physical force—as required by the ACCA federal definition. *Aguilar-Alonzo*, 944 F.3d at 550 (explaining the federal definition of "use"). Indeed, the *Lomax* opinion states explicitly that it is announcing a *change* in the law: "we decide to overrule . . . the holding in *Rodriquez* that a culpable mental state is required for 'the act of murder' in a felony-murder prosecution and that the mental state of the underlying felony supplies this culpable mental state." 233 S.W.3d at 307. The Court of Criminal Appeals makes clear that before this change, *Rodriquez* was the prevailing law.

For these reasons, Vickers's Texas murder conviction qualifies as a violent felony for purposes of the career offender enhancement.

## C.    Vickers's Burglary and Delivery of a Controlled Substance Convictions

Finally, Vickers contends that even if his murder conviction was a violent felony, his convictions for burglary and delivery of a controlled substance do not qualify as predicate offenses. We decline to consider these arguments because Vickers did not receive authorization to include them in a successive § 2255 petition.

Vickers had to apply for authorization to file a successive § 2255 motion raising the claims made in this appeal. He requested authorization to challenge his sentence enhancement based on both his Texas murder and Texas burglary convictions. This court authorized the challenge only as it related to his Texas murder conviction; it denied authorization to argue that his Texas burglary conviction did not qualify as a predicate offense. In his amended filing before the district court after counsel was appointed, Vickers argued only that his murder conviction was not a violent felony. Thus, the district court had no opportunity to consider whether Vickers's other convictions qualify as predicate offenses, and indeed it had no subject matter jurisdiction to consider such unauthorized successive claims even if Vickers had raised them. *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003) (holding that the district court "did not have subject matter jurisdiction over Crone's [successive § 2255] application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application"). Vickers cannot now ask us to consider his challenges to his other convictions in the first instance. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *as revised* (Aug. 14, 2018) ("If the district court did not have jurisdiction to reach the merits, naturally, we cannot reach the merits on appeal."); *see also* 28 U.S.C. § 2244(b)(4) (requiring the dismissal of any claim presented in a

No. 18-10940

second or successive § 2255 petition "unless the applicant shows that the claim satisfies the requirements of this section").

## III.

Because Vickers's Texas murder conviction qualifies as a violent felony under the ACCA, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.