# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 20-60148
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID STEVE FIELDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-159-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

David Steve Fields appeals his conviction of possession of a firearm by a convicted felon and his 199-month sentence under the Armed Career Criminal Act (ACCA). He first challenges the denial of a motion to withdraw

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60148

his guilty plea, which we review for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).

According to Fields, several factors listed in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), supported his motion. While we may agree that he promptly filed the motion, we reject the contentions that he lacked close assistance of counsel and that the plea was involuntary and unknowing.[1] *See Missouri v. Frye*, 566 U.S. 134, 142 (2012); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Fields's own testimony and signature on the plea agreement establish that, prior to his guilty plea, counsel reviewed with him and answered his questions about the indictment and the elements of the offense, the Government's evidence, the statutory maximum and mandatory minimum 15-year sentence, the terms of the plea agreement and supplement, and the appeal waiver. Additionally, as the district court noted in finding that Fields had the close assistance of able counsel, the attorney negotiated a second plea deal and filed several motions on Fields's behalf. The plea colloquy shows that Fields understood the sentencing range he faced, was fully satisfied with counsel's representation, and pleaded guilty of his own free will because he was guilty. We find no abuse of discretion in the denial of the motion to withdraw his guilty plea. *See McKnight*, 570 F.3d at 645; *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

Next, Fields contends that the district court improperly relied on the presentence report (PSR) to apply the ACCA and erroneously determined that his prior Florida aggravated assault convictions qualified as predicates for the enhancement. The Government contends that the broad appeal

---

[1] We do not consider arguments challenging the voluntariness of the plea raised for the first time in Fields's reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

waiver bars consideration of these arguments.  Fields replies that he can challenge the ACCA enhancement notwithstanding the appeal waiver because the resulting sentence exceeded the statutory maximum of 10 years under 18 U.S.C. § 924(a)(2).  We agree.  *See United States v. Leal*, 933 F.3d 426, 430-31 (5th Cir.), *cert. denied*, 140 S. Ct. 628 (2019); *United States v. Barnes*, 953 F.3d 383, 388-89 & n.10 (5th Cir.), *cert. denied*, 2020 WL 5883752 (U.S. Oct. 5, 2020); *United States v. Harris*, 434 F.3d 767, 770 (5th Cir. 2005).

With respect to his objection to the district court's reliance on the PSR to find that his prior offenses were ACCA predicates, Fields does not dispute the existence of the convictions but their characterization as violent felonies.  We review the preserved objection de novo.  *See United States v. Gutierrez-Ramirez*, 405 F.3d 352, 355-56 (5th Cir. 2005).  Fields does not assert that it was necessary to apply the modified categorical approach to narrow the offense of conviction before determining that any of his prior offenses were violent felonies.  In other words, he does not contend that the statutes of conviction were divisible with alternative elements that made it necessary to consult the documents approved in *Shepard v. United States*, 544 U.S. 13, 16 (2005).  *See Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Rosa*, 507 F.3d 142, 151 (5th Cir. 2007).  He thus fails to show error by the district court, which can determine whether a prior offense is a violent felony under the categorical approach based on the fact of the prior convictions and the statutory definitions of the offenses.  *See Rosa*, 507 F.3d at 151.

According to Fields, Florida aggravated assault is not a violent felony under the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i), because a conviction can be obtained upon proof of recklessness or culpable negligence and the force clause requires an intentional act.  Plain error review applies to this issue as no objection on these grounds was lodged in the district court. *See United States v. Davis*, 487 F.3d 282, 284 (5th Cir. 2007).  We find no

error, plain or otherwise, because the use of force requirement in § 924(e)(2)(B)(i) is satisfied by a mens rea of recklessness, *United States v. Vickers*, 967 F.3d 480, 485-86 (5th Cir. 2020), and culpable negligence under Florida law is "a mental state equivalent to at least recklessness," *United States v. Chan-Gutierrez*, 368 F. App'x 536, 538 (5th Cir. 2010) (citing *Charlton v. Wainwright*, 588 F.2d 162, 164 (5th Cir. 1979)). We do not consider the argument raised for the first time in Fields's reply brief that the threat of violence punishable under the Florida statute includes conduct that does not involve physical force. *See Jackson*, 426 F.3d at 304 n.2.

To the extent Fields also contends that his prior aggravated battery offense is not a violent felony, he offers no authority for the contention. "It is not enough to merely mention or allude to a legal theory." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (internal quotation marks and citation omitted). "A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *Id.* (internal quotation marks and citation omitted).

Finally, to the extent Fields attempts to assert a freestanding claim that his trial counsel was ineffective for advising him to accept the plea agreement (separate from his arguments about the denial of the motion to withdraw his plea), we decline to consider the issue without prejudice to Fields raising it on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.